IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES CARLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON E. ASHFORD, ARTHUR J. | : | CASE NO. |
| CREQUE, TERESA HATHAWAY, | : | 5:24-CV-129 (CAR) |
| SHERRY HERRERA CAMPBELL, | : | |
| ANGELA W. SAMMONS, THE CITY | : | |
| OF WARNER ROBINS, THE | : | |
| COUNTY OF HOUSTON, THE | : | |
| STATE OF GEORIGA, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING PLAINTIFF'S RECAST COMPLAINT

Currently before the Court are *pro se* Plaintiff James Carlan's "Motion for Reconsideration of the Court's Ruling" and his recast "Second Amended Complaint Conspiracy and Collusion to Commit Civil, Constitutional, and Human Rights Crimes." Plaintiff's Motion for Reconsideration [Doc. 16] of the Court's previous Order directing Plaintiff to recast his complaint is **DENIED AS MOOT** because Plaintiff filed a recast complaint. But Plaintiff's recast Second Amended Complaint is a shotgun pleading and fails to state any claim for relief; thus, this case is hereby **DISMISSED**.

1

Background

On August 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*; dismissed his Complaint because it was a shotgun complaint and failed to state a claim for relief; and allowed Plaintiff to file a recast second amended complaint.[1] In its Order, the Court instructed Plaintiff that his recast complaint must contain numbered paragraphs, each limited as far as practicable to a single set of circumstances; he must separate each cause of action into different counts; explain how he's been injured and by whom; articulate a basis for the Court's subject matter jurisdiction over the case and personal jurisdiction over the Defendants; and plead the elements of a viable cause of action, supporting each element with specific factual allegations.[2] The Court warned Plaintiff that failure to satisfy these requirements would result in dismissal of this action without further leave to amend.[3] Plaintiff has filed a recast Second Amended Complaint, but it suffers the same deficiencies and must be dismissed.

In his 56-page Second Amended Complaint, Plaintiff brings 174 Counts against seven Defendants—Jason Ashford, a Judge of the State Court of Houston County; Arthur Creque, a former Chief Assistant Solicitor of the State Court of

---

[1] Order on Motion to Proceed *In Forma Pauperis* [Doc. 10].
[2] *Id.* at p. 9.
[3] *Id.*

2

Houston County; Teresa Hathaway, Clerk of the State Court of Houston County; Sherry Campbell, a Judge of the Magistrate Court of Houston County; Angela Sammons, a Judge of the Magistrate Court of Houston County; the City of Warner Robins, Georgia; Houston County, Georgia; and the State of Georgia.

Plaintiff's claims arise from a host of alleged wrongful actions including the "illegal" requirement he obtain a business license to operate his massage therapy business; the denial of his right to advertise; the denial of his right to travel; his "kidnapping and torture" after receiving a speeding ticket; the denial of his right to a fair and public jury trial because he was not allowed to call more than one witness or live stream the judicial proceedings; his subjection to cruel and unusual punishment while spending eight days in jail because he was denied cannabis and non-fluorinated water; being targeted for "fabricated" crimes, such as an expired vehicle tag; and the denial of his right to report alleged assaults.

Plaintiff claims Defendants have violated over 60 "laws," including the Declaration of Independence; the Bill of Rights, Article III, Article IV, and the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments to the United States Constitution; various federal statutes including 18 U.S.C. §§ 241, 242, 1038, 1201, 1513, 2071, 2075, and 2076; 42 U.S.C. § 1983, 1985, 1986; and 10 U.S.C § 897; the Americans with Disabilities Act; criminal justice ethics; several Supreme and other

3

federal Court cases; various Georgia statutes; the Georgia Constitution, the Hippocratic Oath; Chapters in Genesis and Deuteronomy of the Bible; and the back of any social security card.

Legal Standards

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[4] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[6] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[7] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable

---

[4] 28 U.S.C. § 1915(e)(2)(b).
[5] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[7] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

for the misconduct alleged."[8] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[9]

To comply with federal pleading standards, a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."[10] "A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure."[11] As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.[12]

All shotgun complaints share two characteristics. One, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[13] Two, they "waste scarce judicial resources, inexorably broaden the scope of

---

[8] *Ashcroft*, 556 U.S. at 663.
[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[10] Fed. R. Civ. P. 8(a)(2).
[11] *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023).
[12] *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).
[13] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."[14]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[15] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[16] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim…. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[17]

Analysis

Plaintiff's recast complaint continues to be a shotgun pleading. It is a cumbersome, confusing narrative set forth in a diary-like form that spans multiple years and includes a range of accusations and events including denying his ability to work by "stealing" his business license; committing treason; denying his right to say he is a "healer"; being forced to wear a mask in court; failing to provide Plaintiff with oaths of office; denying his "human right to not be forcefully kept

---

[14] *Vibe Micro, Inc. v. Shabenets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).
[15] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[16] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up).
[17] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

alive, or put things into [his] body [he] believe[s] to be not of God"; denying his ability to report sexual abuse, prostitution, human trafficking, and illegal gambling at other massage establishments; denying his ability to speak at a public City Hall meeting; not responding to open records requests; attempting to steal his home; and being refused protection.

Plaintiff's recast complaint is "composed of long, rambling paragraphs and conclusory statements unsupported by factual allegations," "consistent[ing] of a lengthy series of unnumbered paragraphs containing what amounts to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims,"[18] with many of the facts not obviously related to the named Defendants.[19] Indeed, Plaintiff admitted his complaint took him "so long and is so much [he] suggest[ed] [the Court] tak[e] breaks between reading" sections.[20] His allegations fail to provide Defendants with adequate notice of the claims against them and the grounds upon which each claim rests. Any material allegations are "buried

---

[18] *Giles v. Wal-Mart Distribution Cntr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (upholding dismissal of *pro se* recast complaint consisting of "a lengthy series of unnumbered paragraphs containing what amounts to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" as a shotgun complaint).

[19] *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (upholding dismissal of complaint "composed of long, rambling paragraphs and conclusory statements unsupported by factual allegations" as a shotgun pleading).

[20] Doc. 11 , p. 17.

beneath innumerable pages of rambling irrelevancies,"[21] are wholly conclusory, and are oftentimes not connected to a particular Defendant, making it very difficult to understand who did what. It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and is a quintessential shotgun pleading.[22]

To the extent the Court can discern any discreet claims, Plaintiff fails to plead any viable cause of action. Plaintiff's asserted "claims" pursuant to the Declaration of Independence, criminal justice ethics, the Hippocratic Oath, Chapter of the Bible, and the back of any social security card have no force of law, are not legal documents that can be enforced in a court of law, and do not provide a violation of law that is recognized or enforceable under federal or Georgia law. Thus, these claims must be dismissed.

Plaintiff's attempts to bring claims pursuant to 18 U.S.C. §§ 241, 242, 1038, 1201, 1513, 2071, 2075, 2076 also fail. Title 18 of the United States Code is the main criminal code for the federal government, which also includes sections of criminal

---

[21] *Vibe Micro*, 878 F.3d at 1294 (quoting *Vibe Micro, Inc. v. Shabanets*, 2016 WL 4256915, at *2 (S.D. Fla. 2016)).
[22] *Weiland*, 792 F.3d at 1321-22.

procedure, prisons, and juvenile delinquency, and does not provide any private civil right of action.[23] Thus, these claims must also be dismissed.

Likewise, Plaintiff can bring no claim under 10 U.S.C. § 897. Section 897 instructs that "[a]ny person *subject to this chapter* who, except as provided by law, apprehends, arrests, or confines any person shall be punished as a court-martial may direct."[24] The chapter referred to is chapter 47 of title 10 of the United States Code, entitled to Uniform Code of Military Justice. This chapter applies only to members of the armed forces.[25] Plaintiff does not allege that any of the Defendants are members of the armed forces.

Plaintiff has wholly failed to state any claim under the ADA, as no facts give rise to a plausible inference that any Defendant discriminated or retaliated against Plaintiff because of a disability or perceived disability, or any Georgia state law claim, as he conclusively states Defendants violated several Georgia Code sections

---

[23] *See, e.g., Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting notion that Congress authorized "a federal private right of action any time a civil plaintiff invokes a criminal statute"); *Bullard v. MRA Holding, LLC*, 890 F.Supp.2d 1323, 1329 (N.D. Ga. 2012) (stating that "absent a clear indication from Congress, courts should not infer a civil cause of action from a federal criminal statute").

[24] 10 U.S.C. § 897 (emphasis added).

[25] *See* 10 U.S.C. § 802 ("The following persons are subject to this chapter …. Members of a regular component of the armed forces …. Cadets, aviation cadets, and midshipmen…. Retired members ….").

and Georgia Constitutional sections with no discernable supporting fact stating a valid claim.

Moreover, Plaintiff's claims against Judges Ashford, Campbell, and Sammons, former prosecutor Creque, and Houston County Clerk of Court Hathaway must be dismissed because each of these Defendants is immune from liability. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"[26] A prosecutor is entitled to "absolute immunity from allegations stemming from the prosecutor's function as an advocate," which includes "acts undertaken in preparing for the initiation of judicial proceedings or for trial,"[27] "even if undertaken with malicious intent."[28] And court clerks, although they "enjoy a narrower ambit of immunity than judges,"[29] "have absolute immunity for their duties that are integrally related to the judicial process."[30] Plaintiff's allegations challenge actions performed by the Judges in their judicial

---

[26] *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.").

[27] *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks and citation omitted).

[28] *Davis v. Self*, 547 F. App'x 927, 933 (11th Cir. 2013) (citing *Hart*, 587 F.3d at 1235).

[29] *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (internal quotation marks and citation omitted).

[30] *Jenkins v. Clerk of Court, U.S. Dist. Court, So. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005).

capacity, the prosecutor's function as an advocate, and the court clerk's duties that are integrally related to the judicial process.

Finally, Plaintiff fails to state any constitutional, §§ 1983, 1985, or 1986 claim for relief against the remaining Defendants—the City of Warner Robins, Houston County, and the State of Georgia. It is well established that a local government cannot be held liable under § 1983 unless its officially promulgated policy or unofficial custom or practice shown through the repeated acts of a final policymaker caused Plaintiff's constitutional violation.[31] Plaintiff fails to make any such allegations. Plaintiff fails to sufficiently plead any claim under § 1985, as he has not pled any facts showing that an agreement existed between "two or more persons" to interfere with Plaintiff's civil rights,[32] and any claim under § 1986 must be dismissed because Plaintiff failed to plead a § 1985 claim, which is a necessary predicate to bring a § 1986 claim.[33] And the State of Georgia is immune from suit on these claims under the Eleventh Amendment.[34]

---

[31] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citations omitted).

[32] 42 U.S.C. § 1985; *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).

[33] *See Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997) (a § 1986 claim requires a violation of § 1985).

[34] It is well established that "[t]he Eleventh Amendment . . . bars suits against states in federal court unless a state has waived its sovereign immunity or Congress abrogated it." *Cassady v. Hall*, 892 F.3d 1150, 1152 (11th Cir. 2018). And it is clear that Congress did not intend to abrogate a state's Eleventh Amendment immunity in damage suits arising under 42 U.S.C. § 1983, *see Edelman v. Jordan*, 415 U.S. 651, 674-77 (1974), or under 42 U.S.C. § 1985, *see Fincher v. State of Fla.*

## CONCLUSION

Plaintiff's Motion for Reconsideration [Doc. 16] is **DENIED AS MOOT**. Plaintiff's recast "Second Amended Complaint Conspiracy and Collusion to Commit Civil, Constitutional, and Human Rights Crimes" is a shotgun pleading and fails to state any claim for relief. Thus, in accordance with the Court's previous warning, this case is hereby **DISMISSED**.

**SO ORDERED,** this 29th day of January, 2025.

S/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

*Dept. of Labor*, 798 F.2d 1371, 1372 (11th Cir. 1986), or under 42 U.S.C. § 1986, *see Alyshah v. Georgia*, 239 F. App'x 473, 473-74 (11th Cir. 2007).